UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

A.L.S. ENTERPRISES, INC.
a Michigan corporation,

        Plaintiff,

v.                      Case No. _____

ROBINSON OUTDOOR PRODUCTS, LLC
a Delaware limited liability company,

        Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff A.L.S. Enterprises, Inc. ("A.L.S") alleges as follows for its complaint against Defendant Robinson Outdoor Products, LLC ("Robinson"):

### INTRODUCTION

1. A.L.S and Robinson are competitors in the scent control hunting market. A.L.S brings this action seeking injunctive and other relief for injuries caused by Robinson repeatedly engaging in false, misleading, and unsubstantiated advertising designed to incorrectly lead consumers into believing that Robinson's ScentBlocker® Trinity™ Technology hunting clothing adsorbs more odor than carbon hunting clothing sold by A.L.S. under the Scent-Lok® brand name.

2. Plaintiff A.L.S. is entitled to immediate injunctive relief because these false, misleading, and deceptive advertisements (a) have created the false impression in the mind of consumers that the ScentBlocker® Trinity™ Technology adsorbs more odor than carbon hunting clothing and zeolite-containing hunting clothing created by A.L.S; (b) have and continue to

irreparably harm the good will associated with the A.L.S. scent control clothing; and (c) have left A.L.S. without any adequate legal remedy to redress these injuries. A.L.S is also entitled to monetary and other relief for the false, misleading and deceptive statements discussed in more detail below.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 15 U.S.C. § 1125(a) and 28 U.S.C. § 1331 because the lawsuit arises under the laws of the United States.

4. This Court has personal jurisdiction over Robinson because it has engaged in business and/or has committed tortious acts by placing its false and misleading advertisements within this Judicial District.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that "a substantial part of the events or omissions giving rise to the claim occurred" in this District. Specifically, the Robinson advertising statements at issue in this case were circulated in this District. (*See, e.g.*, Exhibits A-D.) Moreover, upon information and belief, the Robinson ScentBlocker® Trinity™ Technology hunting clothing products that are promoted in the Robinson advertising statements at issue in this case are sold in this District.

## PARTIES

6. A.L.S. is a significant manufacturer and seller of carbon hunting clothing, and sells its carbon hunting clothing under the Scent-Lok® brand name. A.L.S. is a Michigan corporation with its principal place of business at 1731 Wierengo Drive, Muskegon, Michigan, 49442.

7. A.L.S. has standing to bring this suit because, as a competitor of Robinson, it has been harmed by Robinson's false and misleading claims regarding the efficacy of Robinson's ScentBlocker® Trinity™ Technology hunting clothing at adsorbing odors.

8. Upon information and belief, Defendant Robinson is a limited liability company organized and existing under the laws of Delaware with its headquarters at 110 North Park Drive, Cannon Falls, Minnesota 55009.

## STATEMENT OF FACTS

9. A.L.S. and Robinson are direct competitors in the business of manufacturing and selling scent control hunting clothing.

10. A.L.S. has an issued patent and pending patent applications that relate to carbon hunting clothing. By virtue of this intellectual property, A.L.S. (and its licensees) have the exclusive right to make, use, offer to sell, and sell carbon hunting clothing in the United States.

11. Robinson previously had a license from A.L.S. to sell carbon hunting clothing under the ScentBlocker® brand. In late 2012, Robinson terminated the license, and stopped selling carbon hunting clothing under the Robinson ScentBlocker® brand. Instead of selling carbon hunting clothing, Robinson has now introduced its ScentBlocker® Trinity™ Technology hunting clothing.

12. Through its false and misleading advertising statements and images, Robinson has asserted, or otherwise suggested, that its ScentBlocker® Trinity™ Technology hunting clothing adsorbs more odor than carbon hunting clothing and zeolite-containing hunting clothing. Robinson is making these false and misleading statements in print advertisements (*e.g.*, magazine advertisements, product catalogs, brochures, flyers), through television advertisements, and on its website, www.robinsonoutdoors.com, which upon information and belief is done as part of a national adverting campaign.

13. Robinson has published and distributed numerous advertisements and other materials that contain false or misleading statements. For example,

a. On Robinson's website, the main webpage, excerpted below, it states that Robinson's ScentBlocker® Trinity™ Technology hunting clothing adsorbs "up to 40% more [odor] than carbon" and "up to 200% more [odor] than zeolite."



*See* www.robinsonoutdoors.com (last visited April 30, 2014).

b. Clicking on the "ScentBlocker®" link on Robinson's main webpage leads to the ScentBlocker® webpage, excerpted below, which describes ScentBlocker® Trinity™ Technology hunting clothing as:

4818-7733-5577.2

a new milestone in human scent control that goes where no hunting apparel has gone before. New synthetic Trinity scent control is so superior it adsorbs up to 40% more odor than carbon and up to 200% more than zeolite. . . . Simply put, it not only outperforms the competition, it exceeded even our own expectations. Nothing Gets You Closer.



See http://www.robinsonoutdoors.com/scentblocker/index.php (last visited April 30, 2014).

  c. Following the "Trinity™ Scent Control Clothing . . . LEARN MORE" link on the Robinson ScentBlocker® webpage leads to the Trinity™ hunting clothing webpage, excerpted below, which again prominently asserts that: **"TRINITY ADSORBS MORE ODOR**[:] UP TO **40%** MORE THAN **CARBON**[;] UP TO **200%** MORE THAN **ZEOLITE**."

4818-7733-5577.2



*See* http://www.robinsonoutdoors.com/scentblocker/trinity/index.php (last visited April 30, 2014).

14. In addition, Robinson runs a television commercial, which upon information and belief is aired within this District, which similarly contains the false and misleading statement that "independent tests show Trinity is up to 40% more effective than carbon and up to 200% more than zeolite." A screenshot of the television commercial is shown below:



See http://www.ispot.tv/ad/7Ovs/scentblocker-trinity-technology (last visited April 30, 2014).

15.    Copies of some of Robinson's print advertising materials are attached hereto as Exhibits A through D and incorporated herein by reference. Upon information and belief, these print advertisements are run in hunting magazines as part of a national advertising campaign and are distributed within this District.

16.    Upon information and belief, Robinson also directs its representatives to make false and misleading statements during sales meetings with customers and prospective customers to convey the message that Robinson's ScentBlocker® Trinity™ Technology hunting clothing adsorbs more odor than carbon hunting clothing.

17. The above Robinson advertising statements improperly convey the false and misleading message that Robinson's ScentBlocker® Trinity™ Technology hunting clothing adsorbs more odor than carbon hunting clothing sold by A.L.S. under the Scent-Lok® brand name. Across a wide spectrum of test odorants, carbon-containing hunting clothing outperforms the ScentBlocker® Trinity™ Technology.

18. The natural, probable, and foreseeable result of Robinson's wrongful conduct has been to cause confusion, deception, and mistake in the scent-control market as a whole, to deprive A.L.S. of business and goodwill, and to injure A.L.S.'s relationships with existing and prospective customers.

19. Upon information and belief, A.L.S. believes that Robinson's wrongful conduct has resulted in increased sales of Robinson's ScentBlocker® Trinity™ Technology while hindering the sales of A.L.S.'s Scent-Lok® brand products and damaging A.L.S.'s goodwill. A.L.S. has sustained and will sustain damages as a result of Robinson's wrongful conduct.

## COUNT I
### (Violation of the Lanham Act, 15 U.S.C. § 1125(a))

20. A.L.S. realleges and incorporates herein by reference the allegations asserted in numbered paragraphs 1 through 19 of this Complaint.

21. Upon information and belief, Robinson has made and distributed, in interstate commerce and in this District, advertisements that contain false or misleading statements of fact regarding their products. Robinson advertises its products in hunting magazines, catalogs, brochures and on Robinson's website. It additionally makes its ScentBlocker® Trinity™ Technology hunting clothing available for purchase by consumers across the United States. These advertisements contain actual misstatements and/or misleading statements relating to the quality and efficacy of its ScentBlocker® Trinity™ Technology hunting clothing that are intended to cause, are likely to cause, and have caused confusion or mistake regarding the ability of

4818-7733-5577.2

ScentBlocker® Trinity™ Technology hunting clothing to adsorb odors, and its alleged superiority over carbon hunting clothing at adsorbing odors.

22. Upon information and belief, these false statements actually deceive, or have a tendency to deceive, a substantial segment of A.L.S.'s customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of A.L.S.'s customers.

23. Robinson's false and misleading advertising statements and omissions injure both consumers and A.L.S.

24. Robinson's false and misleading advertising statements and omissions constitute untrue, deceptive, or misleading advertising in violation of § 43(a) of the Lanham Act by:

a. Deceiving or misleading consumers by representing that the Robinson ScentBlocker® Trinity™ Technology hunting clothing outperforms carbon hunting clothing, which is sold exclusively by A.L.S. (or its licensees), at adsorbing odors while knowing the statements were false and misleading;

b. Advertising, marketing, and selling ScentBlocker® Trinity™ Technology hunting clothing as having characteristics, uses, and benefits without legitimate testing or support;

c. Creating a likelihood of confusion about the quality and efficacy of ScentBlocker® Trinity™ Technology hunting clothing at adsorbing odors by representing that it has qualities and features that carbon hunting clothing does not.

25. Robinson has caused, and will continue to cause, immediate and irreparable injury to A.L.S., including injury to its business, reputation, and goodwill, for which there is no adequate remedy at law. As such, A.L.S. is entitled to an injunction under 15 U.S.C. § 1116 restraining Robinson, and its agents, employees, representatives and all persons acting in concert

with them from engaging in further acts of false advertising, and ordering removal of all Robinson's false advertisements.

26. A.L.S. is entitled to recover from Robinson the damages sustained by A.L.S. as a result of Robinson's acts in violation of Lanham Act § 43(a). Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Robinson's acts.

27. A.L.S. is further entitled to recover from Robinson the gains, profits, and advantages that it has obtained as a result of its acts. A.L.S. is at present unable to ascertain the full amount of the gains, profits, and advantages Robinson has obtained by reason of its acts.

28. A.L.S. is additionally entitled to recover the costs of this action. Moreover, upon information and belief, A.L.S believes that Robinson's conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling A.L.S. to recover additional damages and its reasonable attorneys' fees.

## RELIEF REQUESTED

WHEREFORE, Plaintiff A.L.S. requests that this Court enter judgment in its favor and against Robinson as follows:

a. Grant temporary, preliminary, and permanent injunctive relief against Robinson, enjoining Robinson, its agents, servants, employees, successors and assigns and all others in concert or participation with them from continuing to disseminate, communicate and/or publish any advertisements and/or promotional material regarding the alleged ability of Robinson ScentBlocker® Trinity™ Technology hunting clothing to outperform carbon hunting clothing at adsorbing odors;

b. Order Robinson, its agents, servants, employees, representatives, successors and assigns, and all others in active concert or participation with them, immediately to halt all print, internet, television and any other advertisement campaigns

4818-7733-5577.2

or commercial communications containing any false and/or misleading statements regarding the ability of Robinson ScentBlocker® Trinity™ Technology hunting clothing to adsorb more odors than carbon hunting clothing;

    c.    Order Robinson to cease using its ScentBlocker® Trinity™ Technology brand name associated with its false and misleading advertising claims and to engage in corrective advertising designed to correct the consumer confusion that it caused;

    d.    Order that Robinson has violated 15 U.S.C. § 1125(a) by unfairly competing against A.L.S. by using false, deceptive, or misleading statements of fact that misrepresent the nature, qualify, and characteristics of their ScentBlocker® Trinity™ Technology hunting clothing.

    e.    Award A.L.S. monetary relief for damages suffered, including without limitation its lost profits, Robinson's improperly obtained profits, and other damages in an amount to be proven at trial, and that such damages be trebled and awarded to A.L.S. as a result of Robinson's willful, intentional, and deliberate acts in violation of Lanham Act § 43(a).

    f.    Award A.L.S. prejudgment and post judgment interest.

    g.    Award A.L.S. its costs and reasonable attorneys' fees.

    h.    Require all of Robinson's misleading and deceptive materials and products to be destroyed as allowed under 15 U.S.C. § 1118.

    i.    Require Robinson to file with the Court and serve on A.L.S.'s counsel within 30 days after service of any injunction issued herein, or within such reasonable time as the Court shall direct, a report in writing and under oath setting forth in detail the manner and form in which Robinson has complied with such injunction; and

    j.    Grant such other relief as this Court may deem just and equitable.

4818-7733-5577.2

Dated: May 5, 2014　　　　　　　　　VARNUM LLP


By: /s/Adam J. Brody
　　Timothy E. Eagle (P38183)
　　Adam J. Brody (P62035)
Business Address:
　　333 Bridge Street, N.W.
　　Grand Rapids, MI 49501-0352
　　616.336.6000
　　616.336.7000 (fax)
　　teeagle@varnumlaw.com
　　ajbrody@varnumlaw.com

<u>Of counsel</u>:

FOLEY & LARDNER LLP
Naikang Tsao
150 East Gilman Street
Madison, Wisconsin  53703-1481
608.258.4250
608.258.4258 (fax)
ntsao@foley.com

*Attorneys for Plaintiff*
*A.L.S. Enterprises, Inc.*

4818-7733-5577.2

## DEMAND FOR JURY TRIAL

Plaintiff A.L.S. Enterprises, Inc. hereby demands a trial by jury as to all claims triable of right to a jury.

Dated: May 5, 2014

VARNUM LLP

By: /s/Adam J. Brody
    Timothy E. Eagle (P38183)
    Adam J. Brody (P62035)
Business Address:
    333 Bridge Street, N.W.
    Grand Rapids, MI 49501-0352
    616.336.6000
    616.336.7000 (fax)
    teeagle@varnumlaw.com
    ajbrody@varnumlaw.com

Of counsel:

FOLEY & LARDNER
Naikang Tsao
150 East Gilman Street
Madison, Wisconsin 53703-1481
608.258.4250
608.258.4258 (fax)
ntsao@foley.com

*Attorneys for Plaintiff*
*A.L.S. Enterprises, Inc.*

8199588_1.DOC

4818-7733-5577.2