UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A.L.S. ENTERPRISES, INC.,

    Plaintiff,

v.

ROBINSON OUTDOOR PRODUCTS, LLC,

    Defendant.

Case No. 1:14-cv-00500
Hon. Gordon J. Quist

| | |
|---|---|
| VARNUM LLP<br>Timothy E. Eagle (P38183)<br>Adam J. Brody (P62035)<br>Attorneys for Plaintiff<br>333 Bridge Street N.W.<br>Grand Rapids, MI 49504<br>(616) 336-6000<br>teeagle@varnumlaw.com<br>ajbrody@varnumlaw.com | SECREST WARDLE<br>Justin L. Cole (P68139)<br>Henry S. Emrich (P29948)<br>Attorneys for Defendant<br>2025 East Beltline S.E., Suite 600<br>Grand Rapids, MI 49546<br>(616) 285-0143<br>jcole@secrestwardle.com<br>hemrich@secrestwardle.com |

FOLEY & LARDNER LLP
Naikang Tsao, WI State Bar No. 1036747
Attorneys for Plaintiff
150 East Gilman Street
Madison, WI 53703
(608) 258-4250
ntsao@foley.com

**BRIEF IN SUPPORT OF
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

    A.L.S. Enterprises, Inc. ("ALS") has been seeking discovery from Robinson Outdoor Products, LLC ("Robinson") since September 12, 2014.  Despite ALS's repeated attempts to obtain this discovery, and Robinson's vague promises that it is coming, there are a number of categories of documents and information that Robinson has yet to produce.  ALS requests a court

4847-3964-2661.

order granting this motion to compel, and setting a date certain by which Robinson will cure the outstanding deficiencies.

## CASE BACKGROUND

This is a false advertising case between two competitors—plaintiff ALS and defendant Robinson—in the scent-control hunting clothing market.  In the early 1990s, ALS's Greg Sesselmann invented the concept of putting odor adsorbing carbon into hunting clothing in order to make it less likely that a hunter wearing such hunting clothing would be scented by wildlife during hunting.  ALS has obtained numerous U.S. Patents based on Greg Sesselmann's invention, and has spent over 20 years promoting the benefits of carbon-containing hunting clothing, which is the core of ALS's Muskegon-based business.  ALS sells its carbon-containing hunting clothing under the Scent-Lok® brand.

Robinson benefited greatly from Greg Sesselmann's invention.  Starting in 1998, Robinson (through its predecessor in interest, Robinson Laboratories, Inc.), licensed ALS's patented carbon hunting clothing technology, and marketed and sold carbon-containing hunting clothing under the Robinson ScentBlocker® brand until 2012.  During that period, Robinson sold over $120 million worth of ScentBlocker® brand carbon-containing hunting clothing.

In 2012, Robinson terminated its patent license agreement with ALS.  As a result, in the absence of a patent license from ALS, Robinson could no longer manufacture or sell carbon-containing hunting clothing.  Instead, Robinson introduced its Trinity™ synthetic odor-adsorbing hunting clothing, and spent enormous resources in print, TV and internet advertisements, falsely and misleadingly marketing Robinson's Trinity™ hunting clothing as being superior to carbon-containing hunting clothing at adsorbing odors.  In other words, in order to build up its new

Trinity™ synthetic odor-adsorbing technology, Robinson made the calculated decision to tear down the carbon technology that Robinson itself had benefited from so greatly since 1998.

In its January 7, 2013 press release introducing the Trinity™ technology, Robinson falsely and misleadingly stated that "[i]ndependent laboratory testing shows Trinity Technology is so superior it adsorbs nearly 40% more odor than activated carbon . . . . Simply put, Trinity™ not only outperforms the competition, it exceeds even our own high expectations." Robinson also inundated the hunting apparel market with advertisements falsely and misleadingly promoting Trinity™ technology as being superior to carbon at adsorbing odors. Examples of false and misleading Trinity™ print and internet advertisements are excerpted in the Complaint, and appear in retailer (*e.g.*, Cabela's and Gander Mountain) print catalogs and websites. Robinson's false and misleading Trinity™ advertisements also appear on prominent stickers on ScentBlocker® Trinity™ hunting clothing garments, in retailer catalogs, on billboards and displays at trade shows such as the 2015 ATA Show, and in marketing/pitch materials that Robinson provided to retailers.

Robinson's own test results show that it has no support for its comparative advertising claims. In March 2015, ALS deposed Roger Pearson, the Vice President of Research and Development at Aspen Research, who performed the testing Robinson relies upon to support its advertising claim that ScentBlocker® Trinity™ technology adsorbs "up to 40% more odor than carbon." Dr. Pearson repeatedly testified that the testing he performed provided no support for Robinson's advertising claim:

> Q: So I asked you is there any basis for concluding that Sample A [Trinity™ fabric] is better at adsorbing odors than Sample B [Robinson's carbon fabric] based on this data?

\* \*

3

> A: There is no data to suggest that A is better at adsorbing odors than B.
>
> Q: Is there any data in this report that would support the conclusion that A [Trinity™ fabric] is up to 40% better at adsorbing odors than Sample C [Scent-Lok®]?
>
> A: No.
>
> Q: There's nothing in the report that would support the conclusion that A [Trinity™ fabric] is up to 40 percent better than Sample C [Scent-Lok®], correct?
>
> A: Correct.

(Ex. 1 attached hereto (3/11/15 Dep. of R. Pearson, 142:22-143:16).)

## ARGUMENT

Under the case management order, as amended, discovery must be completed by November 2, 2015, and expert reports must be disclosed (by burden) starting on September 4, 2015. In order to meet these deadlines, ALS needs Robinson's sales, marketing and financial information, which ALS has been seeking from Robinson since September 2014. As discussed below, ALS has patiently attempted to resolve these issues without court intervention, but Robinson's continued foot-dragging in producing the most basic of documents (*e.g.*, communications with retailers showing how Robinson pitched its new Trinity synthetic technology to retailers starting in 2012) has become increasingly prejudicial to ALS, in view of the court schedule. Therefore, ALS files this motion, requesting this Court's assistance in getting Robinson to comply with its discovery obligations.

1. **Sales and Financial Information**

Robinson's sales and financial information is relevant to ALS's damages claim, and is needed for ALS's damages expert to render his opinions.

4847-3964-2661.

On April 16, 2015, ALS served a third set of document requests on Robinson, seeking a variety of documents relating to Robinson's sales and financials. (*See* Ex. 2 attached hereto (4/16/15 ALS's Third Set of Document Requests (Nos. 24-31) to Robinson).) By rule, Robinson's written responses and objections to ALS's third set of document requests were due within 30 days (*i.e.*, by May 19, 2015, factoring in the three additional days for service by mail). *See* Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served."). However, as of today (over two months later), Robinson has simply failed to provide a written response to these requests. Additionally, with the exception of one request (*i.e.*, Request No. 30), Robinson has failed to provide documents responsive to the vast majority of requests (*i.e.*, Nos. 24-29). It has only partially responded to another request (*i.e.,* No. 31).

ALS also asked Robinson to provide information about its sales of Trinity™ hunting clothing products and fabric in interrogatories. Specifically, ALS served the following interrogatories:

> **INTERROGATORY NO. 2**:
>
> For each customer of Robinson ScentBlocker® or Robinson ScentBlocker® Trinity™ hunting clothing products and fabric identified in Your response to Interrogatory No. 1, specify (by customer) the yards of fabric sold to that customer in 2011, 2012, 2013, 2014 and 2015, and the amount of revenue (by customer) each customer paid You for Robinson ScentBlocker® and Robinson Trinity™ hunting clothing products and fabric in 2011, 2012, 2013, 2014 and 2015.
>
> **INTERROGATORY NO. 3**:
>
> For each customer of Robinson ScentBlocker® or Robinson ScentBlocker® Trinity™ hunting clothing products and fabric identified in Your response to Interrogatory No. 1, specify Your gross revenue, net revenue, gross profit, gross profit margin and net profit, <u>broken down by customer and by year</u>, for years 2011, 2012, 2013, 2014 and 2015.

5

(Ex. 3 attached hereto (1/28/15 ALS's First Set of Interrogatories)).

Robinson's March 3, 2015 response to these interrogatories was incomplete. Robinson answered these interrogatories with respect to fabric sales, but did not provide the requested information as to Trinity™ hunting clothing product sales, which constitute the vast majority of Robinson's Trinity™ sales.

### 2. Marketing Documents

As noted in the Background section, Robinson sold carbon hunting clothing under a patent license from ALS from 1992 to 2012, and ALS and Robinson both worked to promote the benefits of carbon hunting clothing to hunters during that period. When Robinson decided in 2012 to terminate its patent license with ALS, and to promote and sell an alternative (Trinity™) scent-adsorbing technology, Robinson needed to convince retailers and consumers that its new Trinity™ synthetic hunting clothing was worth buying (instead of carbon hunting clothing). ALS suspects that Robinson sold retailers hard on the false and misleading claim that Trinity™ hunting clothing far outperformed carbon clothing at adsorbing odors, as it sold consumers hard on that claim in print, internet and TV advertising. In order to test that suspicion, ALS asked Robinson to produce internal emails relating to the marketing and sale of Trinity™ products, as well as communications with retailers and pitch materials provided to those retailers.

For example, in ALS's first set of document requests, dated September 12, 2014, ALS sought:

> **REQUEST NO. 8**:
>
> All documents … which mention or refer to any Robinson ScentBlocker® Trinity™ hunting clothing product.

In ALS's third set of document requests, dated April 16, 2015, ALS sought:

> **REQUEST NO. 31**:
>
> Internal and external correspondence, including but not limited to emails, from Mike Swan regarding marketing or sales of the Trinity products, that have not yet been collected and produced.

To date, ALS has received almost no internal emails concerning the marketing or sale of Trinity™ hunting clothing dated from 2012, 2013, or the first half of 2014. Nor has ALS received a meaningful production of Robinson's communications with its sales representatives and retail customers, including emails or pitch materials.

### 3. Attempts to Resolve Dispute

ALS has been attempting to resolve these discovery issues since it took the Pearson deposition in mid-March. At that time, ALS's counsel informed Robinson's counsel that it had almost no email correspondence concerning Robinson's marketing of the Trinity™ products. (*See* Ex. 4 attached hereto (March 13, 2015 to June 11, 2015 email correspondence between counsel).) Despite repeated attempts by ALS to follow up, Robinson did not produce more than a handful of emails, which were dated after June 2014.

On June 10, 2015, counsel for ALS sent Robinson a letter outlining its outstanding requests, which by this time included a written response to ALS's third set of discovery requests, internal marketing emails, and communications with third parties. (*See* Ex. 5 attached hereto (June 10, 2015 letter from N. Tsao to J. Cole).) The response from Robinson's counsel was that he had "been told that most everything sent in 2012 and 2013 have [sic] either been lost or deleted," but that he would have his client "look again." (*See* Ex. 6 attached hereto (6/11/15 email from J. Cole to N. Tsao).) Without these documents, ALS was forced to postpone Robinson's 30(b)(6) deposition, which was scheduled for mid-June and has yet to be rescheduled.

7

In response to a May 26, 2015 letter from Robinson's insurance carrier, informing Robinson that an exclusion for knowingly false advertising may preclude coverage related to ALS's claim, Robinson retained its own counsel (in addition to counsel retained by its carrier). ALS learned that Robinson had retained new counsel in mid-June.

After bringing Robinson's new counsel up to speed on the discovery issues, ALS requested a meet and confer. (*See* Ex. 7 attached hereto (6/23/15 to 7/7/15 email exchange between N. Tsao and J. Langdon).) Telephonic meet and confer conferences were held on July 13 and 17, 2015. During those telephone conferences, Robinson's counsel indicated that Robinson is in the process of providing a written response to ALS's third set of document requests, collecting documents responsive to those requests, supplementing its interrogatory responses, and collecting internal and third party emails and pitch materials relating to the marketing and sale of Trinity™ hunting clothing products.

It has been almost six weeks since ALS sent its June 10, 2015 letter, and Robinson has yet to cure any of the deficiencies identified in that letter. Further, ALS has not received a date when it can expect these deficiencies to be cured. Robinson's counsel promised an update on these matters by July 21, 2015. (*See* Ex. 8 attached hereto (7/17/15 email from M. Stelljes to J. Langdon).) The update that came today was that Robinson was still working on the issues, but its computer system crashed and was "just getting up again." (Ex. 9 attached hereto (7/22/15 emails between J. Langdon and N. Tsao).) Because this response provided no clarity as to when Robinson will comply with its discovery obligations, ALS advised Robinson that it would file a motion. (*Id.*)

Given the length of time ALS has been seeking this discovery and the uncertainty about when Robinson will comply with its discovery obligations, ALS respectfully requests that the

Court enter an order compelling Robinson to: (1) supplement its answers to ALS's interrogatory nos. 2 and 3; (2) provide a written response to ALS's third set of document requests; (3) cure the deficiencies in its document productions to date; and (4) certify that its production of documents responsive to ALS's first, second and third set of document requests is complete.  ALS further requests that the Court enter a deadline (*e.g.*, August 7) for Robinson to comply with its order.

Dated this 22nd day of July, 2015.

VARNUM LLP
Timothy E. Eagle (P38183)
Adam J. Brody (P62035)
333 Bridge Street, N.W.
Grand Rapids, MI  49501-0352
Telephone: (616) 336-6000
Facsimile:  (616) 336-7000
teeagle@varnumlaw.com
ajbrody@varnumlaw.com

*Of Counsel*:

/s/ *Naikang Tsao*
Naikang Tsao, WI State Bar No. 1036747
FOLEY & LARDNER LLP
150 East Gilman Street
Madison, WI  53703-1481
Telephone: (608) 258-4250
Facsimile:  (608) 258-4258
ntsao@foley.com

*Attorneys for Plaintiff A.L.S. Enterprises, Inc.*

4847-3964-2661.