UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

A.L.S. ENTERPRISES, INC.,

    Plaintiff,

v.                                            Case No. 1:14-CV-500

ROBINSON OUTDOOR                   HON. GORDON J. QUIST
PRODUCTS, LLC,

    Defendant.
_____/

**FINAL ORDER AND JUDGMENT**

In accordance with the Opinion entered today,

**IT IS HEREBY ORDERED** that Defendant Robinson Outdoor Products, LLC's Motion for Judgment as a Matter of Law and, alternatively, Motion for New Trial (ECF No. 224) is **GRANTED**, and the May 20, 2016, jury verdict (ECF No. 209) is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff ALS Enterprises, Inc.'s Motion for Attorney's Fees and Prejudgment Interest (ECF No. 218) is **DENIED** and Motion for Enhanced Damages (ECF No. 221) **IS DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff ALS Enterprises, Inc.'s Motion for a permanent injunction (ECF No. 213) is **GRANTED** as follows:

1.     Robinson is permanently enjoined from using the 40/200 advertising statements on products (including, without limitation, on hangtags and stickers) and all platforms that Robinson controls.

2. Within **thirty (30) days** of the date of this Order, Robinson shall: (a) send a letter, together with a copy of this Order, to each of its retailers requesting that they remove any 40/200 ad claim, in hangtags, stickers, and other forms on or affixed to Trinity products and in any Trinity promotional materials and, if the retailer has a website still displaying the 40/200 ad claim, from such website; and (b) send a letter, together with a copy of this Order, to all of its pro staff and outside sales representatives instructing them to stop using the 40/200 ad claim and to remove any remaining 40/200 hangtags or stickers from retailer sales floors during in-store visits.

3. Within **thirty (30) days** of this Order, Robinson shall send a letter, together with a copy of this Order, to any party that maintains a hunting-related website (i.e., www.bowhunting.net) or other platform that may contain any reference to the 40/200 ad claim requesting such party to remove the reference from its website.

4. Within **forty-five (45) days** of this Order, Robinson shall file a notice with the Court verifying its compliance with this Order.

5. Nothing in this Order shall be deemed to preclude Robinson from referring to, or promoting, its Trinity technology in a non-misleading manner.

This case is concluded.

Dated:  January 30, 2017                                  /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE